**FINDLAY et al. v. STATE.** (No. 6386.)

(Court of Civil Appeals of Texas. Austin. April 19, 1922.)

Judgment ⬲252(4)—Petition asking alternative relief held to authorize recovery of vacancies as part of excess in survey of capital lands.

Where original suits by the state against the holders of the capital leagues to recover excess were consolidated with other suits to recover vacancies existing in certain of the leagues, an amended petition, praying in the alternative that, if the court should find that the alleged vacancies did not belong to the state, they should be treated as excess lands within the capital leagues, authorizes a judgment allowing recovery against the holders of the leagues of the amount of the alleged vacancies as excess lands.

On second motion for rehearing. Motion overruled.

For opinion on original hearing and first motion for rehearing, see 238 S. W. 956.

JENKINS, J. Appellants, Findlay et al., contend that our decision herein rendered on motion for rehearing, March 8, 1922, wherein we held that, under the facts of this case, the alleged vacancies claimed by the state did not exist, but that the same constituted excesses in the land patented to the Capitol Company, and should be added to the amount of excess recovered by the state, is not justified by the pleadings herein, in that the state did not claim such alleged vacancies as a part of the excess, but claimed ownership thereof by virtue of the same being vacant land.

Such was the status of the pleadings as originally filed. That is to say, the state sued Findley et al. for an alleged excess which did not include the alleged vacancies, and for partition as to such excess; and in separate suits sued the other parties hereto, in trespass to try title, to recover the alleged vacancies.

By agreement of all parties, all of the cases were consolidated in the suit brought to recover the excess, and thereupon the state filed its first amended original petition herein, in which it sought to recover from Findlay et al. the alleged excess as theretofore alleged, and also sought to recover from the other defendants the alleged vacancies. But the amended petition also contained this allegation:

"Plaintiff, for the purpose of obtaining in this suit alternative relief from that prayed for in the causes hereinafter referred to, alleges: That, by agreement of the parties hereto and under the orders of this court entered herein and entered in said causes on motions filed therein, causes Nos. 36,184, 36,185, 36,260, and 36,261 in this court have been consolidated with this suit for the purpose of trial. In

---

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said causes the state is suing various persons and corporations for the recovery of the title and possession of several tracts of land belonging to the state and being vacant tracts of land adjoining certain of the Capitol leagues. Plaintiff alleges that, if the court should find that any of the said tracts, or any part of any of said tracts, does not belong to the state, or is not vacant land, then such tract, or tracts, or parts of such tract or tracts, is excess within the Capitol league or leagues, which it adjoins, and the total excess acreage within the Capitol leagues hereinbefore referred to will be increased to the extent of the acreage of such tract or tracts, or parts of such tract or tracts; and plaintiff, in such alternative, is the owner of an undivided interest in the land described in schedule X to the extent also of such additional excess and is entitled to a recovery of such excess in addition to that hereinbefore described."

We hold that this allegation furnishes a sufficient basis in the pleading for our judgment herein adding the amount of such alleged vacancies to the amount of the excess found by the trial court; for which reason we rendered such judgment herein as, in our opinion under the facts found, should have been rendered by the court below.

The motion for rehearing is overruled.

Motion overruled.